Filed 6/29/15  P. v. Minor CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAWAUN EARL MINOR,<br><br>    Defendant and Appellant. | B257342<br><br>(Los Angeles County<br>Super. Ct. No. SA084588) |

THE COURT:[*]

Jawaun Earl Minor appeals from the denial of his motion under Penal Code section 1538.5[1] and from the final judgment, alleging illegal sentencing was imposed. Defendant entered into a plea bargain and pleaded "no contest" to one count of residential burglary in violation of section 459.  The trial court sentenced defendant to the agreed-upon term of eight years in prison, consisting of the midterm of four years, doubled because of defendant having suffered a prior conviction of a serious felony, which defendant admitted.

---

[*]    BOREN, P.J., CHAVEZ, J., HOFFSTADT, J.

[1]    All further references to statutes are to the Penal Code unless stated otherwise.

We appointed counsel to represent defendant on this appeal. After examination of the record, counsel filed an "Opening Brief" containing an acknowledgment that he had been unable to find any arguable issues. On March 4, 2015, we advised defendant that he had 30 days within which to personally submit any contentions or issues that he wished us to consider. No response has been received to date.

The record shows that Tyrone Partee returned home on the morning of July 2, 2013, and went immediately into the laundry room.[2] When he came out, he saw defendant in his living room. Defendant was opening the front door locks in an apparent attempt to leave. Defendant ran out of the house, and Partee watched him flee as he telephoned the police. He gave a description of the defendant and told police the direction in which he ran.

At the hearing on defendant's motion under section 1538.5, Officer Neil Connor testified that he received a radio call to go to the 11000 block of South Casimir Avenue on July 2, 2013. The call reported a residential burglary in which the suspect was described as a male Black adult, approximately 24 years old, wearing a Washington Generals baseball hat, blue sweatshirt, and blue Dickies pants. The suspect was approximately six feet two and weighed 180 pounds. He was last seen going westbound on 116th Street. On his way to the scene, Officer Connor saw someone matching the description. The suspect was standing on the southeast corner of 116th Street and Crenshaw Boulevard, about five blocks away from the crime scene in the direction the suspect had been seen heading. Officer Connor identified defendant as that suspect.

Defendant was wearing a different hat than the one described—a Minnesota Twins baseball hat. Defendant, who represented himself, elicited that the blue pants he was wearing were not Dickies. Defendant wore a white T-shirt and carried a blue sweatshirt. Officer Connor got out of his patrol car, drew his weapon on defendant and told him to stop and turn around before handcuffing him. He then patted down defendant and removed items from his bulging pants pockets. At a field showup, Partee identified

---

[2] Since defendant pleaded no contest before trial, we obtain some facts from the clerk's transcript of the preliminary hearing.

2

defendant as the man he had seen inside his residence. Inside defendant's pocket, police found two gloves containing jewelry and a watch, which were identified by the Partees as their property.

After hearing argument on the motion to suppress, the trial court noted that after receiving the radio call, the officer found the defendant, who essentially matched the description, even if not perfectly. Defendant was in the "right place," and therefore there was reasonable suspicion. The officer was entitled to remove hard objects from defendant's pants for officer safety and for defendant's safety. The court denied defendant's motion.

Defendant subsequently accepted the People's offer of an eight-year sentence. The maximum sentence he faced was 18 years. We have examined the entire record and we are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.